UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FLORIDA FAMILY ASSOCIATION,
INC., a Florida non-profit corporation,
and DAVID CATON, an individual,

       Plaintiffs,

v.                                      Case No.  8:05-cv-2045-T-24 TGW

SCHOOL BOARD OF HILLSBOROUGH
COUNTY,

       Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant's Motion to Dismiss.  (Doc. No. 10). Plaintiffs oppose this motion.  (Doc. No. 13).

**I.  Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff.  See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  A complaint should not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim." Id. at 47.  All that is required is "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2).  The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the

plaintiff to conduct discovery in an attempt to prove the allegations.  See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

**II.  Background**

Plaintiffs allege the following in their amended complaint (Doc. No. 3): Plaintiff Florida Family Association, Inc. ("FFA") is a non-profit corporation.  FFA is an association of citizens primarily from Florida that support FFA's purposes.  (¶ 1).  One of FFA's purposes is seeking to influence public policy on social issues to protect the moral environment of communities in Florida.  (¶ 13).  Plaintiff David Caton is the President of FFA.  (¶ 7).

Defendant School Board of Hillsborough County considered proposed amendments to the 2006-2007 school calendar, which included the issue of eliminating school holidays traditionally associated with religious observances.  (¶ 5).  At the School Board meeting of October 25, 2005, the School Board voted 6-1 to approve the 2006-2007 school calendar, removing school holidays traditionally associated with religious observances, including Good Friday, the day after Easter, and Yom Kippur.  (¶ 5).  Thereafter, the issue received intense media attention, and FFA mobilized its organization to contact the School Board to reconsider its action.  (¶ 6).

On November 2, 2005, Caton sent an "Action Alert" email message to Florida citizens who had associated with FFA in the past on other important public issues, informing them of the school holiday issue and inviting them to "click here" to obtain further information.  (¶ 7).  The email reader was then taken to an FFA website where they could "click here to learn more" or "take action."  (¶ 7). Upon clicking the "take action" link, the user was directed to a separate website with Rallysoft software designed to send electronic mail messages to intended recipients

(here, the seven individual School Board members, the Superintendent, and the general district email address), relating to the school holiday issue. (¶ 7).

The Rallysoft software is hosted by the American Family Association. (¶ 8). The Rallysoft emails are sent from one email server with one static IP address. (¶ 8). The Rallysoft email can only be sent to the intended recipients if several conditions are met: (1) the user must enter text on the subject line of the email; (2) the user must supply a return email address; (3) the user must supply a password (only registered users of the system are permitted to send mail); and (4) the message cannot contain any attachments whatsoever; it can only contain ASCII text entered in the web form itself. (¶ 8). When the user clicks the "send" button, the message is sent, and the user receives a separate "thank you" message at their own return email address thanking them for using the system relating to the issue. (¶ 8).

On Wednesday, November 2, 2005, at approximately 3:00 p.m., Caton prepared to send his Action Alert to the FFA supporters. (¶ 9). He tested the nine School Board email addresses four times to confirm that they were operating normally. (¶ 9). Two School Board members sent auto-confirmation messages back; none of the emails to the nine email addresses bounced. (¶ 9). Caton then sent the Action Alert message. (¶ 9). After successfully sending approximately 60-70 email messages via the Rallysoft software, the messages to the School Board, including an email from Caton, began to bounce, beginning at approximately 4:40 p.m. on November 2, 2005. (¶ 9).

Caton contacted his hosting service at the American Family Association, who informed him that to the best of their information, the School Board had blocked their IP address, and all messages to the School Board were bouncing. (¶ 9). The email messages blocked by the School

Board contained political speech regarding the school holiday issue. (¶ 9). Plaintiffs contend that the School Board blocked the IP address of FFA's hosting service for the purpose of blocking emails from Caton and FFA's members. (¶ 9).

On Thursday, November 3, 2005, at 8:30 a.m., Caton faxed a letter to the School Board demanding that the email block be removed and demanding an explanation for why the messages were not being delivered. (¶ 10). Later that day, the School Board responded by letter, admitting that it had been blocking emails from the FFA beginning at 5:00 p.m. November 2, 2005. (¶ 10). An official speaking on behalf of the School Board also told a news reporter that the School Board began blocking emails from the FFA once it realized that the FFA was sending "form emails" on the school holiday issue. (¶ 10).

Plaintiffs contend that the reasons given by the School Board in their letter to Caton for blocking emails on the school holiday issue were merely an attempt to cover up the School Board's violation of Plaintiffs' First Amendment rights. (¶ 11). The School Board stated that it blocked the emails to protect the integrity of its email servers. However, Plaintiffs allege that this reason is mere pretext, because the School Board serves an email community exceeding 26,000, yet it claims that its receipt of sixty emails was an assault on its email servers. (¶ 11). Plaintiffs believe that the emails were blocked pursuant to an official School Board custom or policy. (¶ 12).

Plaintiffs contend that the emails were blocked for about forty-one hours, from approximately 5:00 p.m. on November 2, 2005 until approximately 10:30 a.m. on November 4, 2005. Plaintiffs contend that this time period is significant, since they were sending emails containing political speech directed to elected officials who were preparing to vote on the issue

4

shortly.[1]

On November 17, 2005, Plaintiffs sent a letter to the School Board demanding that the School Board adopt a policy to prevent the selective blocking of emails from Caton and other FFA members. (¶ 14). The School Board did not responded to the letter. (¶ 14).

Plaintiffs filed the instant case, in which they assert three claims against Defendant: (1) deprivation of free speech rights in violation of the First Amendment; (2) deprivation of the right to petition the government under the First Amendment; and (3) a request for declaratory relief. In their prayer for relief as to all three claims, Plaintiffs request damages, declaratory relief, injunctive relief, and attorney's fees. Defendant responded to the amended complaint with the instant motion to dismiss.

### III. Motion to Dismiss

Defendant argues that the Court should dismiss the amended complaint for lack of standing and for failure to state a claim.[2] Accordingly, the Court will address each argument.

#### A. Standing

Defendant argues that Plaintiffs' claims should be dismissed, because Plaintiffs lack standing to sue. The Court notes that Plaintiffs must establish that they have standing to assert their claims in order to proceed. See National Alliance for the Mentally Ill v. Board of County Commissioner of St. John's County, 376 F.3d 1292, 1294 (11th Cir. 2004)(citation omitted). Accordingly, the Court will analyze the standing of each plaintiff.

---

[1]Defendant contends that the subsequent vote occurred on November 8, 2005. (Doc. No. 10, p. 9, n.1).

[2]Defendant also argues that the amended complaint is a shotgun pleading and should be dismissed on that basis. The Court rejects this argument without further discussion.

### 1.  Caton

In order to have standing, Caton must show that he "has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual and imminent, not conjectural or hypothetical." Friends of the Earth, Inc. v. Laidlaw Environmental Svcs., 528 U.S. 167, 180 (2000)(citing Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992)).  Defendant argues that Caton lacks standing because he was not injured by the School Board blocking emails, since he was able to send other emails and was able to send a fax to the School Board.  Caton responds that the test emails and the fax that he sent regarding the email block did not contain his political speech on the school holiday issue, and as such, Caton was injured by the blocking of his email that did contain political speech.  As such, the Court rejects Defendant's argument on this issue and finds that Caton has standing, since he has alleged that he has suffered an actual injury that is concrete and particularized.

### 2.  FFA

"[A]n association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit."  Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333, 343 (1977).  Defendant argues that FFA lacks associational standing, because it has not shown that any of its members would have standing to sue in their own right.  The Court rejects this argument, since Plaintiffs have shown that Caton, a member of the FFA, has standing to sue.

### 3.  Standing to Seek Injunctive and Declaratory Relief

A plaintiff seeking injunctive or declaratory relief must allege both an injury and a real and immediate threat of future injury in order to have standing to pursue such prospective relief. See Koziara v. City of Casselberry, 392 F.3d 1302, 1305 (11th Cir. 2004)(citations omitted). Thus, in order to have standing to sue for such prospective relief, a plaintiff must allege a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future. See id. (citations omitted). "'[P]ast exposure to illegal conduct does not in itself show a present case or controversy regarding [prospective] relief . . . if unaccompanied by any continuing, present adverse effects.'" City of Los Angeles v. Lyons, 462 U.S. 95, 102 (1983)(quoting O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)).

Defendant argues that Plaintiffs do not have standing to seek injunctive and declaratory relief, because they have not alleged a sufficient likelihood of future injury. Plaintiffs respond that they have alleged a sufficient likelihood of future injury, because Caton asked the School Board to adopt a policy to prevent the selective blocking of emails from Caton and other FFA members, and the School Board did not responded to the letter.

The Court agrees with Defendant that Plaintiffs have not alleged a sufficient likelihood of future injury. The fact that the School Board did not respond to Caton's letter does not show that the School Board will likely selectively block emails from Caton and other FFA members in the future, especially given the fact that the School Board eventually stopped blocking the emails. There could be any number of reasons why the School Board did not respond to Caton's letter, and the Court will not presume that the School Board's failure to respond shows the School Board's intent to block emails from Caton and the FFA in the future.

Additionally, the Court notes that Plaintiffs have not alleged that Caton and/or any FFA members intend to email political speech to the School Board in the future. Without such an allegation, Plaintiffs have not alleged a sufficient likelihood of future injury.

Accordingly, the Court finds that Plaintiffs have not shown that they have standing to sue for declaratory and injunctive relief.[3] As such, the Court dismisses Count III (Plaintiff's request for declaratory relief), and the Court will not consider Plaintiff's request for injunctive relief that is set forth in their prayer for relief.

### B.  Failure to State a Claim

Next, Defendant argues that Counts I and II should be dismissed, because Plaintiffs fail to state a claim for violations of the First Amendment. Specifically, Defendant argues that the claims should be dismissed, because: (1) Plaintiffs have failed to allege the existence of a policy or custom; and (2) Plaintiffs' First Amendment Rights have not been infringed. Accordingly, the Court will address each argument.

#### 1.  Policy or Custom

Defendant first argues that Plaintiffs have failed to allege the existence of a policy or custom, which is necessary in order to establish liability for a school board under § 1983. See Cuesta v. School Board of Miami-Dade County, Florida, 285 F.3d 962, 966 (11th Cir. 2002)(citation omitted). Defendant bases its argument on the fact that Plaintiffs alleged in the amended complaint that they asked Defendant to adopt a policy prohibiting the selective

---

[3] The Court, however, has found that Plaintiffs have standing to pursue their claims in Counts I and II for past violations of their First Amendment rights.

blocking of emails. As such, Defendant argues that since Plaintiffs did not request that Defendant *modify* its existing policy of blocking emails, and instead requested that Defendant adopt a new policy, Plaintiffs cannot show that Defendant had a policy of blocking emails.

The Court rejects this argument, as Defendant's focus on semantics has no merit. Plaintiffs have alleged that the emails were blocked pursuant to an official School Board custom or policy, and this allegation is sufficient to withstand a motion to dismiss. Defendant is free to challenge this allegation on a motion for summary judgment.

### 2.  Infringement of First Amendment Rights

Next, Defendant argues that Plaintiffs' First Amendment rights have not been infringed, since there were several alternative channels of communication available, including sending their messages via fax and sending emails without using the American Family Association server. Plaintiffs respond by pointing out that the Supreme Court has stated that it has "consistently rejected the suggestion that a government may justify a content-based prohibition by showing that speakers have alternative means of expression." Consolidated Edison Company of New York, Inc. v. Public Service Commission of New York, 447 U.S. 530, 541 n.10 (1980)(citations omitted). The Court rejects Defendant's argument on this issue.

### IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (Doc. No. 10) is **GRANTED IN PART AND DENIED IN PART**: The motion is **GRANTED** to the extent that the Court dismisses Count III without prejudice and will not consider Plaintiff's request for injunctive relief; otherwise, the motion is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 21st day of April, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record