UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FLORIDA FAMILY
ASSOCIATION INC., et. al.,

    Plaintiffs,

v.                                      CASE No. 8:05-CV-2045-T-24TGW

SCHOOL BOARD OF
HILLSBOROUGH COUNTY,

    Defendant.

_____

REPORT AND RECOMMENDATION

In this case, defendant School Board of Hillsborough County has filed a motion under Rule 12(b)(6), F.R.Civ.P., to dismiss the plaintiffs' verified second amended complaint, asserting that the plaintiffs have failed to state a claim upon which relief can be granted under 42 U.S.C. 1983 and 28 U.S.C. 2201 (Doc. 28). Because the defendant's motion is essentially a motion for reconsideration of its previous motion to dismiss, because the defendant failed to show that there were no set of facts that could support relief, and because this case raises novel constitutional issues that warrant

factual development, I recommend that the defendant's motion to dismiss be denied.

I.

The facts of the case have been set out in detail in a previous Order and, therefore, need not be repeated here (see Doc. 14, pp. 2-5). However, it is necessary to state the procedural history of the case.

The plaintiffs' amended complaint contained three counts: Count I alleged a violation of the plaintiffs' First Amendment right to free speech, Count II alleged a violation of their First Amendment right to petition the government for a redress of grievances, and Count III sought declaratory relief concerning the defendant's allegedly unconstitutional practices. The defendant filed a ten-page motion under Rules 12(b)(1) and 12(b)(6), F.R.Civ.P., to dismiss the plaintiffs' amended complaint, asserting that the plaintiffs lacked standing to sue the defendant and spending little more than one page on an argument that the plaintiffs' First Amendment rights were not violated (Doc. 10). The court partially granted and partially denied the defendant's motion (Doc. 14). The court denied the motion insofar as it challenged the plaintiffs' constitutional claims in Counts I and II (id.).

However, the defendant's motion was granted to the extent that Count III concerning declaratory relief was dismissed without prejudice (id.).

After obtaining approval from the court, the plaintiffs amended their previous complaint in a verified second amended complaint (Docs. 22, 24, 25). The amendments in that complaint related solely to the claims for injunctive and declaratory relief. The defendant then filed a motion to dismiss the plaintiffs' second amended complaint in which it made no meaningful challenge to Count III requesting declaratory relief, but instead made new and extensive attacks on the constitutional claims in Counts I and II (Doc. 28).

After the plaintiffs responded to the motion (Doc. 29), the motion was referred to me for a report and recommendation (Doc. 36). A hearing was thereafter conducted on the matter (Doc. 51).

II.

As indicated, the defendant seeks to dismiss the plaintiffs' second amended complaint on the ground that the complaint fails to state a claim for relief under 42 U.S.C. 1983 and 28 U.S.C. 2201 (Doc. 28). In response, the plaintiffs contend, first, that the defendant's motion to dismiss is essentially

a veiled motion for reconsideration of its previous motion to dismiss (Doc. 29, pp. 3-4). The plaintiffs' argument is persuasive.

As indicated, the defendant filed a ten-page motion to dismiss the plaintiffs' amended complaint, asserting that the plaintiffs did not have standing and touching only briefly upon an argument that the complaint did not state a claim upon which relief could be granted (Doc. 10). After the plaintiffs submitted their second amended complaint, the defendant then filed another motion to dismiss (Doc. 28). This motion is nineteen pages long and contains a number of arguments that were not raised before. Moreover, the motion challenges only the two counts that were not amended and does not challenge the count that was. At the hearing, the defendant provided no justification for its failure to raise the new arguments in the prior motion to dismiss.

The defendant states in its motion that it "realizes that it was less than successful in articulating the basis for its contention that the [p]laintiffs have failed to state a claim upon which relief may be granted for violation of the rights guaranteed by the First Amendment to the United States Constitution to engage in speech and 'petition the government for redress of

grievances'" (id., pp. 1-2). That is certainly true, but it does not justify affording the defendant a second shot at Counts I and II.

Under these circumstances, the defendant's motion to dismiss is, as the plaintiffs argue, analogous to a motion for reconsideration. "Motions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued." Lockard v. Equifax, Inc., 163 F.3d 1259, 1267 (11th Cir. 1998); see also Sanderlin v. Seminole Tribe of Florida, 243 F.3d 1282, 1292 (11th Cir. 2001). Furthermore, "[d]enial of a motion for reconsideration is 'especially soundly exercised when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage in the litigation.'" Lockard v. Equifax, Inc., supra, 163 F.3d at 1267, quoting O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992).

The defendant's approach of raising arguments seriatim places an undue burden upon the court. Thus, in this case, the court had to study the complaint in the context of the challenges that were raised in the first motion to dismiss. Now, the court would be required to re-evaluate the complaint in light of the new challenges. Requiring the court to study the unchanged

claims in Counts I and II on two different occasions in connection with a motion to dismiss seems to impose an unfair burden upon this court, which has a heavy caseload.

Although this is a sufficient basis for denying the motion to dismiss, it is appropriate to add, having read the memoranda and heard oral argument, that on a motion to dismiss the defendant's contentions are unpersuasive. Thus, in the absence of a factual development, it cannot be safely said that, viewing the allegations in the light most favorable to the plaintiff, there are no set of facts that would entitle the plaintiff to relief. For example, with respect to the free speech claim, the determination of what type of forum is present, if any, is critical. The plaintiffs allege that "[d]efendant, by its open invitation to use its electronic mail system to communicate with the general public, explicitly created a public forum for said communication with the general public ..." (Doc. 25, p. 6). Whether there is such a public forum is not simply a legal issue, because the plaintiffs represented at the hearing that even unread e-mails become part of the public records accessible to the general public. This representation shows that there could be a set of facts that would support the plaintiffs' contention of a created public forum.

Moreover, the representation would seem to be a sufficient response at this stage to the defendant's argument that the plaintiffs are not entitled to have their e-mails read by the intended recipient since the e-mails would be available to be read by others.

Furthermore, the parties represent that they have found no cases involving the blocking of e-mails by a public agency. Accordingly, this case could break ground on that novel constitutional issue. Such an issue is properly considered upon a better development of the facts. See Bradbury v. Wainwright, 718 F.2d 1538, 1546 (11th Cir. 1983).

### III.

For the foregoing reasons, I therefore recommend that the defendant's Motion to Dismiss Second Amended Complaint (Doc. 28), be denied.

Respectfully submitted,

DATED: NOV. 21, 2006

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).