UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FLORIDA FAMILY ASSOCIATION,
INC., a Florida non-profit corporation,
and DAVID CATON, an individual,

      Plaintiffs,

v.                                         Case No. 8:05-cv-2045-T-24 TGW

SCHOOL BOARD OF HILLSBOROUGH
COUNTY,

      Defendant.
_____/

**ORDER**

      This cause comes before the Court on three motions: (1) Defendant's Motion for Summary Judgment (Doc. No. 70), (2) Plaintiffs' Motion for Summary Judgment (Doc. No. 80), and (3) Plaintiffs' motion to amend their complaint (Doc. No. 111). These motions were considered by the United States Magistrate Judge, pursuant to specific orders of referral. (Doc. No. 91, 112). Magistrate Judge Wilson has filed his report recommending that Defendant's motion for summary judgment be granted and that Plaintiffs' motions be denied. (Doc. No. 115). All parties were furnished copies of the Report and Recommendation and were afforded the opportunity to file objections pursuant to 28 U.S.C. § 636(b). Plaintiffs filed an Objection to the Magistrate Judge's Report (Doc. No. 122), and Defendant filed a response thereto (Doc. No. 125).

      Plaintiffs make several arguments in their Objection to the Magistrate Judge's Report and Recommendation. The Court notes, however, that the Court could strike the Objection for failure to comply with Local Rule 1.05(a), which provides that all filings must be double-spaced.

It appears that Plaintiffs were attempting to get around this rule and around the Court's order that Plaintiffs' Objection could not exceed twenty pages (Doc. No. 118) by changing the line spacing to approximately 1.7.

Additionally, the Court notes that some of Plaintiffs' citations to the record in their Objection are unclear. For example, Plaintiffs cites to exhibits 16, 19, 20, 24 26, 28, 32, and 55, but Plaintiffs do not identify which deposition each exhibit comes from. The Court is not inclined to search through all of the depositions to determine which deposition each referenced exhibit comes from. See Bender v. City of Clearwater, 2006 WL 1046944, at *17 (M.D. Fla. April 19, 2006)(citations omitted)(stating that the "[c]ourt is under no obligation to plumb the record in order to find a genuine issue of material fact").

Despite Plaintiffs' failure to follow Local Rule 1.05(a) and failure to appropriately cite to the record, the Court has carefully considered Plaintiffs' Objection. However, upon consideration of the Report and Recommendation and Plaintiffs' Objection thereto, and upon this Court's independent examination of the file, it is determined that the Report and Recommendation (Doc. No. 115) should be adopted.

While the Court will not address each argument made by Plaintiffs in their Objection, the Court will comment on one issue. Plaintiffs' claim is based on the temporary blocking of their emails, which they contend was done based on the content of their emails. The Magistrate Judge found, inter alia, that the undisputed evidence shows that the blocking was done due to volume concerns and a perceived possible threat to Defendant's email system, not due to the emails' content. Plaintiffs argue that the best evidence of the motive behind the blocking is found in the written communications that occurred during the blocking. This Court agrees and finds that such

communications show that the blocking was not based on content. For example, at one point during the block, Candy Olson emailed Paula Romano regarding the fact that Olson was still receiving emails similar to those that had just been blocked, and Olson asked: "[W]ill the volume clog or shut down the system if it continues? If not, let's not worry about it." (Doc. No. 78: Romano depo, Ex. 12). This email shows that Olson was concerned with the volume of emails and perceived possible threat to Defendant's email system, not that she wanted the emails blocked based on their content.

Accordingly, it is now **ORDERED AND ADJUDGED** that:

(1) The Magistrate Judge's Report and Recommendation (Doc. No. 115) is adopted and incorporated by reference in this Order of the Court;

(2) Defendant's Motion for Summary Judgment (Doc. No. 70) is **GRANTED**;

(3) Plaintiffs' Motion for Summary Judgment (Doc. No. 80) is **DENIED**;

(4) Plaintiffs' motion to amend their complaint (Doc. No. 111) is **DENIED**;

(5) Plaintiffs' Request for Oral Argument (Doc. No. 123) is **DENIED**; and

(6) The Clerk is directed to enter judgment in favor of Defendant, terminate all pending motions, and to close the case.

**DONE AND ORDERED** at Tampa, Florida, this 28th day of June, 2007.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
The Honorable Thomas G. Wilson